IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JANAM TECHNOLOGIES LLC, )<br>)<br>Defendant. ) | C.A. No. 08-340-JJF<br><br>**JURY TRIAL DEMANDED** |

### JANAM'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant Janam Technologies LLC ("Janam"), through its counsel, for its Answer to the Complaint filed by Plaintiff Symbol Technologies, Inc. ("Symbol"), states, alleges, and avers as follows in answer to the numbered paragraphs of Symbol's Complaint:

### ALLEGATIONS ABOUT SYMBOL

1. Janam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies the same.

2. Janam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies the same.

3. Janam denies that it misappropriated Symbol's patent technology. Janam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and therefore denies the same.

4. Janam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies the same.

5. Janam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies the same.

6. Janam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies the same.

7. Janam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore denies the same.

## ALLEGATIONS ABOUT JANAM

8. Janam admits the allegations contained in Paragraph 8.

9. Janam admits that it was founded in 2005 by Ron Goldman and Harry Lerner, two former executives at Symbol. Janam denies the second and third sentences as pleaded. Janam admits that Mr. Goldman and Mr. Lerner worked diligently for Symbol during their employment there, and that during part of his employment with Symbol, Mr. Goldman was Senior Vice President and General Manager Mobile and Wireless Division.

10. Denied as pleaded. In 2006, Janam met with Symbol and informed Symbol of its plans to sell handheld mobile computers, which Symbol approved.

11. Janam admits that it introduced the XP20 and XP30 and that those devices are not accused in this action.

12. Denied as pleaded. Janam admits that by February 7, 2008, Janam announced that it would sell the XM60. Janam denies that the XM60 incorporates Symbol's patented technology.

13. Denied.

14. Denied.

15. Janam denies sentences one, three, and four of Paragraph 15. Janam is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence two of Paragraph 15, and therefore denies the same.

16. The first, third, and fourth sentences are denied. The second sentence is denied as pleaded. Janam admits that Mr. Goldman was a patent attorney at Symbol.

17. Denied.

## JURISDICTION AND VENUE

18. Janam admits that Symbol's complaint purports to allege an action arising under the patent laws of the United States. Janam denies the merits of those allegations. Janam admits that Symbol's complaint purports to allege an action for patent infringement and this Court has subject matter jurisdiction over actions for patent infringement. Janam denies the merits of Symbol's patent infringement claims against Janam.

19. Janam does not contest that venue is proper in this judicial district.

20. Janam does not contest personal jurisdiction in this judicial district. Janam admits that it is a Delaware limited liability company and maintains National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904, as its registered agent for service of process in Delaware.

21. Janam admits that U.S. Patent No. 5,835,366 (the "'366 patent"), entitled "Secondary Battery Boost Circuit," was issued on November 10, 1998, but denies that the '366 patent was "duly and legally" issued. Janam admits that a copy of the '366 patent is attached to the Complaint as Exhibit A. Janam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and therefore denies the same.

22. Janam admits that U.S. Patent No. 5,334,821 (the "'821 patent"), entitled "Portable Point of Sale Terminal," was issued on August 2, 1994, but denies that the '821 patent was "duly and legally" issued. Janam admits that a copy of the '821 patent is attached to the

Complaint as Exhibit B. Janam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and therefore denies the same.

23. Janam admits that U.S. Patent No. 6,714,969 (the "'969 patent"), entitled "Mobile Terminal With Integrated Host Application Software," was issued on March 30, 2004, but denies that the '969 patent was "duly and legally" issued. Janam admits that a copy of the '969 patent is attached to the Complaint as Exhibit C. Janam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and therefore denies the same.

## FIRST CLAIM FOR RELIEF
### (THE '366 PATENT)

24. Janam repeats and re-avers its responses to Paragraphs 1–23.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## SECOND CLAIM FOR RELIEF
### (THE '821 PATENT)

29. Janam repeats and re-avers its responses to Paragraphs 1–28.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## THIRD CLAIM FOR RELIEF
## (THE '969 PATENT)

34. Janam repeats and re-avers its responses to Paragraphs 1–33.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## DEFENSES

## NON-INFRINGEMENT

39. Janam has not infringed, does not infringe, and will not infringe (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, any valid claim of the '366 patent, '821 patent, or '969 patent.

## INVALIDITY

40. The claims of the '366 patent, '821 patent, and '969 patent are invalid for failure to satisfy the requirement of the United States patent laws embodied in 35 U.S.C. §§ 100, *et seq.*, including one or more of the following: 35 U.S.C. §§ 102, 103, and 112.

## LACHES

41. Symbol is barred from relief under the doctrine of laches.

## ESTOPPEL

42. Symbol is barred from relief under the doctrine of estoppel.

## LICENSE

43. Symbol is barred from relief because Janam is licensed under the '366 patent, '821 patent, and '969 patent.

## FAILURE TO MARK

44.     Symbol is barred from relief because it failed to mark products covered by the '336 patent, '821 patent, and '969 patent.

## RESERVATION OF DEFENSES

45.     Janam reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the patent laws of the United States, and any other defenses at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case.

## COUNTERCLAIMS

Janam for its counterclaims against Symbol, alleges as follows:

## NATURE OF THE COUNTERCLAIMS

1.     These are counterclaims for declarations regarding U.S. Patent Nos. 5,835,366 (the "'366 patent"), 5,334,821 (the "'821 patent"), and 6,714,969 (the "'969 patent") (collectively, the "Patents-in-Suit") entitled "Secondary Battery Boost Circuit," "Portable Point of Sale Terminal," and "Mobile Terminal With Integrated Host Application Software," respectively.

## THE PARTIES

2.     Counterclaim-plaintiff Janam is a limited liability company organized under the laws of the State of Delaware, having its principal place of business at 100 Crossways Park West, Suite 105, Woodbury, New York 11797-1322.

3.     Upon information and belief, counterclaim-defendant Symbol is a corporation organized under the laws of the State of Delaware having its principal place of business at One Motorola Plaza, Holtsville, New York 11742-1300.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States (35 U.S.C. § 1, *et seq.*).

5. This Court has jurisdiction over the subject matter of all causes of action herein pursuant to 28 U.S.C. § 1331, 1338(a), 2201, and 2202.

6. On information and belief Symbol has systematic and continuous contacts in this judicial district.

7. On information and belief, Symbol regularly avails itself of the benefits of this judicial district, including the jurisdiction of the courts.

8. On information and belief, Symbol regularly transacts business within this judicial district.

9. On information and belief, Symbol regularly sells products in this judicial district. Symbol derives substantial revenues from sales in this district.

10. This Court has personal jurisdiction, general and specific, over Symbol.

11. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

12. Janam announced it was selling the XP20 and XP30 in October 2006, and began selling the XP20 and XP30 in February 2007.

13. Janam announced it was selling the XM60 in January 2008.

14. The XP20 and XP30 handheld mobile computers utilize the Palm operating system whereas the XM60 utilizes the Windows operating system.

15. Any claim of the '366 patent that would cover the XM60 would also cover the XP20 and XP30.

16. Any claim of the '821 patent that would cover the XM60 would also cover the XP30 (with WiFi).

17. Any claim of the '969 patent that would cover the XM60 would also cover the XP20 (with WiFi) and XP30 (with WiFi).

18. The difference between a handheld mobile computer utilizing a Palm operating system versus the Windows operating system is of no significance with respect to the coverage of any claim of the Patents-in-Suit.

19. Upon information and belief, Symbol is the owner of the Patents-in-Suit.

### FIRST CLAIM FOR RELIEF
### (INVALIDITY AND NON-INFRINGEMENT OF THE '366 PATENT)

20. Janam repeats and realleges each and every allegation contained in Paragraphs 1–19 of these Counterclaims as though fully set forth herein.

21. Each of the claims in the '366 patent is invalid for failure to comply with one or more of the requirements of the United States patent laws embodied in 35 U.S.C. §§ 100, *et seq.*, including one or more of the following: 35 U.S.C. §§ 102, 103, and 112.

22. Janam has not infringed, does not infringe, and will not infringe (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, any valid claim of the '366 patent.

### SECOND CLAIM FOR RELIEF
### (INVALIDITY AND NON-INFRINGEMENT OF THE '821 PATENT)

23. Janam repeats and realleges each and every allegation contained in Paragraphs 1–22 of these Counterclaims as though fully set forth herein.

24. Each of the claims in the '821 patent is invalid for failure to comply with one or more of the requirements of the United States patent laws embodied in 35 U.S.C. §§ 100, *et seq.*, including one or more of the following: 35 U.S.C. §§ 102, 103, and 112.

25. Janam has not infringed, does not infringe, and will not infringe (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, any valid claim of the '821 patent.

### THIRD CLAIM FOR RELIEF
### (INVALIDITY AND NON-INFRINGEMENT OF THE '969 PATENT)

26. Janam repeats and realleges each and every allegation contained in Paragraphs 1–25 of these Counterclaims as though fully set forth herein.

27. Each of the claims in the '969 patent is invalid for failure to comply with one or more of the requirements of the United States patent laws embodied in 35 U.S.C. §§ 100, *et seq.*, including one or more of the following: 35 U.S.C. §§ 102, 103, and 112.

28. Janam has not infringed, does not infringe, and will not infringe (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, any valid claim of the '969 patent.

### FOURTH CLAIM FOR RELIEF
### (LACHES)

29. Janam repeats and realleges each and every allegation contained in Paragraphs 1–28 of these Counterclaims as though fully set forth herein.

30. Symbol is barred from relief for the '366 patent, '821 patent, and '969 patent under the doctrine of laches.

### FIFTH CLAIM FOR RELIEF
### (ESTOPPEL)

31.     Janam repeats and realleges each and every allegation contained in Paragraphs 1–30 of these Counterclaims as though fully set forth herein.

32.     Symbol is barred from relief for the '366 patent, '821 patent, and '969 patent under the doctrine of estoppel.

### SIXTH CLAIM FOR RELIEF
### (LICENSE)

33.     Janam repeats and realleges each and every allegation contained in Paragraphs 1–32 of these Counterclaims as though fully set forth herein.

34.     Symbol is barred from relief for the '366 patent, '821 patent, and '969 patent because Janam is licensed under the '366 patent, '821 patent, and '969 patent.

### SEVENTH CLAIM FOR RELIEF
### (FAILURE TO MARK)

35.     Janam repeats and realleges each and every allegation contained in Paragraphs 1–34 of these Counterclaims as though fully set forth herein.

36.     Symbol is barred from relief for the '366 patent, '821 patent, and '969 patent because it failed to mark products covered by the '366 patent, '821 patent, and '969 patent.

### **PRAYER FOR RELIEF**

WHEREFORE, Janam prays that this Court enter judgment as follows, ordering that:

(a)     Symbol's claims against Janam are dismissed in their entirety, with prejudice, and denying all of the relief requested by Symbol therein;

(b) Each and every claim of U.S. Patent No. 5,835,366, U.S. Patent No. 5,334,821, and U.S. Patent No. 6,714,969 is invalid;

(c) Janam is not liable for direct, contributory, or inducing infringement of any claim of U.S. Patent No. 5,835,366, U.S. Patent No. 5,334,821, or U.S. Patent No. 6,714,969, either literally or under the doctrine of equivalents;

(d) Symbol and its respective officers, agents, employees, representatives, counsel, and all persons in active concert or participation with any of them, directly or indirectly, be enjoined from threatening or charging infringement of, or instituting any action for infringement of U.S. Patent No. 5,835,366, U.S. Patent No. 5,334,821, or U.S. Patent No. 6,714,969 against Janam, its suppliers, customers, distributors, or users of its products;

(e) Symbol shall pay to Janam the costs and reasonably attorney's fees incurred by Janam in this action; and

(f) Janam be granted such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Janam demands a trial by jury on all issues so triable.

ASHBY & GEDDES

/s/ *John G. Day*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant*
*Janam Technologies LLC*

*Of Counsel:*

Richard L. DeLucia
John R. Kenny
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Dated: July 14, 2008