## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SYMBOL TECHNOLOGIES, INC.,    )
a Delaware corporation,    )
    )
    Plaintiff,    )
    )    **C.A. No. 08-340-JJF**
    v.    )
    )
JANAM TECHNOLOGIES LLC,    )    **JURY TRIAL DEMANDED**
a Delaware limited liability company,    )
    )
    Defendant.    )

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiff Symbol Technologies, Inc. ("Symbol") and Defendant Janam

Technologies, Inc. ("Janam") (collectively, the "Parties") believe that certain information

encompassed by discovery requests made in this Action may constitute trade secrets or other

confidential research, development or commercial information within the meaning of Rule 26(c)

of the Federal Rules of Civil Procedure or the Local Rules of the Court; and

WHEREAS the Parties have mutually agreed that it would serve their respective interests

to conduct discovery under a protective order pursuant to Rule 26(c);

IT IS THEREFORE ORDERED THAT:

1.    This Protective Order shall apply to all information, documents, and things

subject to discovery in this Action produced either by a party or a non-party in discovery in this

Action including, without limitation, testimony adduced at deposition upon oral examination or

upon written questions, answers to interrogatories, documents and things produced, information

obtained from inspection of premises or things, and answers to requests for admission, or

information disclosed pursuant to subpoena under Fed. R. Civ. P. 45 ("Discovery Material").

2.     Discovery Material containing Confidential Information is referred to as "Confidential Material." The following is not Confidential Material: (i) material which, on its face, shows or which, through other evidence, the receiving party can show has been published to the general public; (ii) information that the receiving party can show was lawfully in the receiving party's possession prior to being designated as Confidential Material in this litigation and that the receiving party is not otherwise obligated to treat as confidential; (iii) information that the receiving party can show was obtained (without any benefit or use of Confidential Material) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality; (iv) information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Confidential Material, or (v) information that was submitted to a governmental entity without request for confidential treatment.

3.     The producing party shall label or mark each document and thing that it deems to be Confidential Materials with the following term:

**"CONFIDENTIAL"**

4.     The Parties may designate as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" those Confidential Materials that contain Confidential Information that is especially sensitive and could cause competitive harm if disclosed to an unauthorized person, including, without limitation, pending or abandoned unpublished patent applications, Confidential Information concerning current products and products in development, strategic plans, license agreements, settlement agreements or settlement communications, and financial

information. This designation shall be made in good faith.  The Parties shall label or mark each

such document or thing with the following term:

**"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"**

5.    The labeling or marking of a document or tangible thing with the designation

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall be

made when a copy of the document or thing is provided to the receiving party by placing the

legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

on the face of each such document or thing.   Any such designation that is inadvertently omitted

or misdesignated may be corrected by written notification to counsel for the receiving party, and

the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," as appropriate, and such

material shall be subject to this Protective Order as if it had been initially so designated.  If, prior

to receiving such notice, the receiving party has disseminated the Confidential Material to

individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the

Confidential Material or to otherwise assure that the recipient(s) properly mark the Confidential

Material and maintain the confidentiality of the Confidential Material, but shall have no other

responsibility or obligation with respect to the information disseminated.

6.    In the case of deposition upon oral examination or written questions, such

testimony shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until

the expiration of thirty (30) days after the deposition unless otherwise designated at the time of

the deposition or during the thirty (30) day period.  Pages or entire transcripts of testimony given

at a deposition or hearing may be designated as containing "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information by an appropriate statement

3

either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition.  If the testimony is not otherwise designated at the time of the deposition or during the thirty (30) day period after the deposition, the testimony will be deemed to be "CONFIDENTIAL."

7.    In the case of written discovery responses and the information contained therein, the responses may be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend of the front page of such discovery responses stating:  "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."  Any such designation that is inadvertently omitted or mis-designated may be corrected within thirty (30) days of service of such discovery responses by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark and maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

8.    In the case of Confidential Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above, such information may be

4

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information by informing the receiving party of the designation in writing either at the time of transfer of such information or within thirty (30) days after the transfer of such information.

9.      Any documents or tangible things made available for inspection prior to producing copies of selected items shall initially be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" unless otherwise designated at the time of inspection and shall be subject to this Protective Order.  Thereafter, the producing party shall have a reasonable time to review and designate the documents as set forth in paragraph 5 above prior to furnishing copies to the receiving party.

10.      HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY material and any information contained therein shall be disclosed only to the following persons:

   a.   Counsel of record in this action for the receiving party, including both local and trial counsel, provided such persons agree to be bound by this Protective Order.

   b.   Employees and agents of such counsel including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case: independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non–technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals agree to be bound by this Protective Order;

   c.   The Court, its personnel and stenographic reporters (with such HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY Material having been filed under seal or with other suitable precautions as determined by the Court);

d.    At a deposition or at trial, any person who authored or previously received the Confidential Material and, subject to timely objection including objection that such person is not internally authorized to receive such information, any person currently employed by the designating party; and

e.    Any independent experts or consultants, and employees and assistants under the control of such expert or consultant, who is engaged by counsel of record in this action, whether or not such expert or consultant is paid directly by a party, and is not regularly employed by or associated with a party hereto, other than by the designating party, provided however that disclosure to such persons shall be made only on the conditions set forth in paragraphs 12 and 13 below.

11.    CONFIDENTIAL material and any information contained therein (but not HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY) may be disclosed to the persons designated in paragraphs 10(a)-(e) above and additionally may be disclosed to no more than three attorneys who act in a legal capacity for the receiving party, are responsible for supervising this Action but are not outside counsel ("affiliated counsel"), provided however that disclosure to such persons shall be made only on the conditions set forth herein.

The following shall constitute the affiliated counsel for Symbol:

> Neill M. Taylor, Esq.
> Vice President of Law, Enterprise Mobility Business
> Motorola, Inc.
> One Motorola Plaza, MS A6
> Holtsville, NY 11742-1300
> (631) 738-4055 – telephone
> (631) 738-4110 – telecopier
>
> Aaron B. Bernstein, Esq.
> Vice President & Deputy General Counsel – Intellectual Property
> Enterprise Mobility Business
> Motorola, Inc.
> One Motorola Plaza, MS A6
> Holtsville, NY 11742-1300
> (631) 738-4055 – telephone
> (631) 738-4110 – telecopier
>
> Wang Su, Esq.
> Corporate Counsel
> Enterprise Mobility Business

6

Motorola, Inc.
One Motorola Plaza, MS A6
Holtsville, NY 11742-1300
(631) 738-5570 – telephone
(631) 738-4110 – telecopier

The following shall constitute the affiliated counsel for Janam:

Ron Goldman, Esq.
Consultant
Janam Technologies LLC
100 Crossways Park West
Suite 105
Woodbury, NY 11797

Disclosure and dissemination of documents marked "CONFIDENTIAL" to such affiliated counsel shall be made only under the following conditions:

a. One copy of any document marked "CONFIDENTIAL" may be provided by the party receiving it to each such individual where such documents are made exhibits to, are referred to or are relied on in connection with any motions, briefs or other papers filed with the Court or served by the producing party in this action; and

b. Otherwise, such individuals may only view materials marked "CONFIDENTIAL" in the presence of outside counsel of record for the receiving party at outside counsel's offices, and shall not be provided with or be permitted to create or remove copies of such documents, nor be provided with or be permitted to create or remove any summaries, abstracts, compilations, notes or any other type of memorial or record of such documents.

c. Confidential materials disclosed by one Defendant shall not be disclosed to any employee of another Defendant, including affiliated counsel, except with the express written approval of the producing party, in which case the production is subject to all other restrictions set forth in this Protective Order.

12.     Notwithstanding the provisions of paragraphs 10 and 11 of this Protective Order, any person who receives and/or reviews any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information, document or thing (together for purposes of this paragraph, "Prohibited Information") shall not participate in any way in preparing or prosecuting patent

7

applications anywhere in the world involving the subject matter disclosed or claimed in the patents-in-suit on behalf of the Parties to this Action or any person or entity related to any Party, from the time of receipt of such Prohibited Information through one year after the complete termination of this action by (i) entry of a final, non-appealable judgment or order, (ii) the complete settlement of all claims in this action, or (iii) any other means.  If the parties have significant disputes over the designation of "CONFIDENTIAL" versus "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information, either party shall have the right to seek modification of this provision under paragraph 20 on an expedited basis.

13.     Trial counsel desiring to disclose Confidential Materials to experts, or consultants specified in paragraphs 10(e) or 11 above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such expert, or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking.  A copy of the proposed undertaking shall be forwarded to opposing counsel, along with the current curriculum vitae for such expert, or consultant.  No Confidential Materials shall be disclosed to such expert, or consultant until after the expiration of a five (5) business day period commencing with the service of a copy of the proposed undertaking and curriculum vitae, provided, however, that if during that five (5) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential Materials to such corporate representative, expert, or consultant, except by mutual agreement of the Parties or further order of the Court.  In the event of an objection, the parties shall promptly confer to attempt to resolve the concerns giving rise to the objection.  If the parties are unable to reach agreement regarding such disclosure within five (5) business days of the objection (unless the parties agree to extend this time period), the parties

8

shall submit a joint submission to the Court, setting forth their respective positions for resolution by the Court, and the parties will seek expedited consideration thereof.

14.    The restrictions on the use of Confidential Materials established by this Protective Order are applicable only to the use of information received by a party from another party or from a nonparty.  A party is free to use its own information as it pleases.

15.    Any party may file or lodge with the Court documents or tangible items designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY.  Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from documents or tangible things designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY material shall be sealed, unless the Parties otherwise agree in writing or the Court otherwise orders.  Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.  Such items or information shall be filed or lodged in sealed envelopes or other appropriate sealed containers.  Each sealed envelope or container shall be endorsed with the title and case number of this action, and a statement in substantially the following form:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  THE
> MATERIALS CONTAINED HEREIN HAVE BEEN
> DESIGNATED AS [CONFIDENTIAL or HIGHLY
> CONFIDENTIAL – OUTSIDE COUNSEL ONLY] PURSUANT
> TO PROTECTIVE ORDER AND MAY NOT BE EXAMINED
> OR COPIED EXCEPT BY THE COURT OR PURSUANT TO
> COURT ORDER.

16.    The acceptance by a party of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P.26 (c), or some other basis.  Documents designated

9

CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an order from the Court determining that specified information or categories of information are not properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, *provided that* prior to making such a motion the Parties shall meet and confer in good faith to resolve any differences over the designation. The burden of proving that information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY is on the party making such designation. A party shall not be obligated to challenge the propriety of a designation of Confidential Material at the time made, and failure to do so shall not preclude subsequent challenge. Should any party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, the claimed designation shall remain operative and respected by all the Parties and non-parties pending the Court's ruling.

      17.    Nothing in this Protective Order shall require disclosure of material protected from disclosure by the attorney-client privilege, attorney work product immunity, or any other applicable privilege. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such

documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned. In the case of an inadvertently produced document, the producing party shall then provide a privilege log identifying such inadvertently produced document. The receiving party may move the Court for an order compelling production of any inadvertently produced document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

18.     In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

19.     The recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

20.    This Protective Order shall not prevent the Parties from applying to the Court for relief therefrom or modification thereto, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves to modifications of this Protective Order.

21.    Confidential Materials shall be used solely for the purposes of this Action and shall not be used for any other purpose except as expressly provided herein, by agreement of the Parties, or by further order of the Court.

22.    In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the Parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

23.    No copy of any transcript of any deposition which is designated, in part or in whole, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall be furnished by the court reporter to any person other than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-party's own deposition.  The original of any transcript of any deposition designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, if required to be filed, shall be filed with the Court under seal in accordance with paragraph 15 hereof, unless otherwise agreed by the producing party.

24.    Within thirty (30) days after the final conclusion of this Action ("Termination of Action"), including any appeals, all Confidential Materials produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed.  Counsel of record may retain a copy of all

12

correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, legal memoranda, and work product.

25.    This Protective Order shall survive the final termination of this Action with respect to any retained Confidential Materials.

26.    Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on Confidential Material; provided, however, that in rendering such advice counsel shall not disclose, reveal, or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Protective Order.

27.    If a Party wishes to use Confidential Material at the examination at deposition or trial of any witness not entitled to have access to such Confidential Materials, such Party shall obtain the consent of the producing party, in advance, and the failure of the examining attorney to obtain such consent or order of the Court shall not be grounds for delaying the deposition or trial or their progress, unless, in the case of a deposition, all persons attending the deposition consent, and in the case of trial the Court so rules.  Where Confidential Material may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the room until such line of inquiry is completed. Where Confidential Material may be revealed or referred to in a question that will be put to the witness at trial upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may request that the Court require that all persons in

13

attendance who are not entitled access to such Confidential Material under this Protective Order leave the courtroom until such line of inquiry is completed.

28.    The terms of this Protective Order may be applied to the Confidential Materials of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Protective Order.

29.    By affixing their signatures below, the Parties agree to abide by the terms of this Stipulation until this Protective Order or a further protective order is entered by the Court. Upon the signing of this Protective Order by the District Court Judge, this Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Protective Order effective *nunc pro tunc* to the date of such party's signature.

14

POTTER ANDERSON & CORROON LLP          ASHBY & GEDDES

By: /s/ David E. Moore                          By: /s/ John G. Day
    Richard L. Horwitz (#2246)              Steven J. Balick (#2114)
    David E. Moore (#3983)                  John G. Day (#2403)
    Hercules Plaza, 6th Floor               Lauren E. Maguire (#4261)
    1313 N. Market Street                   500 Delaware Avenue, 8th Floor
    P. O. Box 951                           P.O. Box 1150
    Wilmington, Delaware  19801             Wilmington, DE  19899
    Tel: (302) 984-6000                     Tel:  (302) 654-1888
    rhorwitz@potteranderson.com             sbalick@ashby-geddes.com
    dmoore@potteranderson.com               jday@ashby-geddes.com
                                            lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Symbol Technologies, Inc.*                      *Attorneys for Defendant*
                                                *Janam Technologies LLC*
OF COUNSEL
                                                OF COUNSEL
Eric J. Lobenfeld
Ira J. Schaefer                                  Richard L. DeLucia
Arlene L. Chow                                   John R. Kenny
Mitchell S. Feller                               KENYON & KENYON LLP
Scott A. Clark                                   One Broadway
HOGAN & HARTSON L.L.P.                           New York, NY 10004-1007
875 Third Avenue                                 Tel:  (212) 908-6418
New York, New York  10022
Tel:  (212) 918-3000


      IT IS SO ORDERED this ___14___ day of ___July___, 2008.

                                        _____
                                       Honorable Joseph J. Farnan Jr.

873644/33146

15

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC.,<br>a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 08-340-JJF |
| v. | ) | |
| | ) | |
| JANAM TECHNOLOGIES LLC,<br>a Delaware limited liability company, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**UNDERTAKING CONCERNING RECEIPT OF CONFIDENTIAL
MATERIALS SUBJECT TO PROTECTIVE ORDER**

I, _____ declare that:

1.    My present residential address is _____

_____ .

2.    My present employer is _____ and

the address of my present employer is _____

_____ .

3.    My present occupation or job description is _____

_____ .

4.    I have received and carefully read the Protective Order in this Action dated

_____, and understand its provisions.  As a condition precedent to receiving any

Confidential Materials, as such are defined in the Protective Order, I agree to subject myself to

the personal jurisdiction of this Court with respect to the enforcement of the provisions of the

attached Protective Order.  I understand that I am obligated, under Order of the Court, to hold in

confidence and not to disclose the contents of any document marked or later designated pursuant

to the Protective Order as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY to anyone other than those persons identified in paragraph 10 of the Protective Order to the extent that such persons are qualified to review such information. I further understand that I am not to disclose to persons other than those persons identified in paragraphs 10 or 11 of the Protective Order any words, substances, summaries, abstracts, or indices of Confidential Materials or transcripts disclosed to me. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

     5.     At the termination of this Action or at any time requested by counsel of record in this Action, I will return to counsel of record in this Action all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Materials which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

     6.     I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil Action for damages by the disclosing party.

     7.     I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.


Executed on: _____     Name:_____

2