IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. 08-340-JJF |
| v. | ) ) |
| JANAM TECHNOLOGIES LLC, a Delaware limited liability company, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

**PLAINTIFF SYMBOL TECHNOLOGIES, INC.'S REPLY TO
JANAM TECHNOLOGIES LLC'S COUNTERCLAIMS TO COMPLAINT**

Plaintiff and Counterclaim Defendant Symbol Technologies, Inc. ("Symbol" or "Plaintiff"), by its counsel, as and for its reply to the Counterclaims contained in the Answer to Complaint and Counterclaims ("Counterclaims") of Defendant and Counterclaim Plaintiff Janam Technologies LLC ("Janam"), states as follows:

**FOR A RESPONSE TO JANAM'S
NATURE OF THE COUNTERCLAIMS**

1. Denies all allegations contained in paragraph 1 of the Counterclaims, except admits that Janam purports to seek declaratory relief regarding U.S. Patent Nos. 5,835,366 (the " '366 Patent"), 5,334,821 (the " '821 Patent"), and 6,714,969 (the " '969 Patent") (collectively, the "Patents-in-Suit") entitled "Secondary Battery Boost Circuit," "Portable Point of Sale Terminal," and "Mobile Terminal With Integrated Host Application Software," respectively.

**FOR A RESPONSE TO THE PARTIES**

2. Admits the allegations contained in paragraph 2 of the Counterclaims.

3. Admits the allegations contained in paragraph 3 of the Counterclaims.

## FOR A RESPONSE TO JURISDICTION AND VENUE

4.  Admits the allegations contained in paragraph 4 of the Counterclaims.

5.  Admits the allegations contained in paragraph 5 of the Counterclaims.

6.  Admits the allegations contained in paragraph 6 of the Counterclaims.

7.  Admits the allegations contained in paragraph 7 of the Counterclaims.

8.  Admits the allegations contained in paragraph 8 of the Counterclaims.

9.  Admits the allegations contained in paragraph 9 of the Counterclaims.

10. Admits the allegations contained in paragraph 10 of the Counterclaims.

11. Admits the allegations contained in paragraph 11 of the Counterclaims.

## FOR A RESPONSE TO BACKGROUND

12. Symbol lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the Counterclaims and therefore denies the same, except admits that Janam markets and sells the XP20 and XP30 handheld mobile computers.

13. Symbol lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Counterclaims and therefore denies the same, except admits that Janam markets and sells the XM60 handheld mobile computer.

14. Admits the allegations contained in paragraph 14 of the Counterclaims.

15. Because Symbol is not accusing, in this case, the XP20 and XP30 handheld mobile computers of infringing the Patents-in-Suit, no controversy exists with respect to the sale of those devices and, therefore, Symbol is not required to respond to paragraph 15 of the Counterclaims. To the extent a response is required, Symbol lacks sufficient knowledge to form

a belief as to the truth of the allegations contained in paragraph 15 of the Counterclaims and therefore denies the same.

16. Because Symbol is not accusing, in this case, the XP30 (with WiFi) handheld mobile computer of infringing the Patents-in-Suit, no controversy exists with respect to the sale of this device and, therefore, Symbol is not required to respond to paragraph 16 of the Counterclaims. To the extent a response is required, Symbol lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of the Counterclaims and therefore denies the same.

17. Because Symbol is not accusing, in this case, the XP20 (with WiFi) handheld mobile computer of infringing the Patents-in-Suit, no controversy exists with respect to the sale of this device and, therefore, Symbol is not required to respond to paragraph 17 of the Counterclaims. To the extent a response is required, Symbol lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of the Counterclaims and therefore denies the same.

18. Symbol lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 18 of the Counterclaims and therefore denies the same.

19. Admits the allegations contained in paragraph 19 of the Counterclaims.

### FOR A RESPONSE TO
### FIRST CLAIM FOR RELIEF
### (INVALIDITY AND NON-INFRINGEMENT OF THE '366 PATENT)

20. Symbol repeats its responses to paragraphs 1 through 19 of the Counterclaims as if fully set forth herein.

21. Denies the allegations contained in paragraph 21 of the Counterclaims.

22. Denies the allegations contained in paragraph 22 of the Counterclaims.

### FOR A RESPONSE TO
### SECOND CLAIM FOR RELIEF
### (INVALIDITY AND NON-INFRINGEMENT OF THE '821 PATENT)

23. Symbol repeats its responses to paragraphs 1 through 22 of the Counterclaims as if fully set forth herein.

24. Denies the allegations contained in paragraph 24 of the Counterclaims.

25. Denies the allegations contained in paragraph 25 of the Counterclaims.

### FOR A RESPONSE TO
### THIRD CLAIM FOR RELIEF
### (INVALIDITY AND NON-INFRINGEMENT OF THE '366 PATENT)

26. Symbol repeats its responses to paragraphs 1 through 25 of the Counterclaims as if fully set forth herein.

27. Denies the allegations contained in paragraph 27 of the Counterclaims.

28. Denies the allegations contained in paragraph 28 of the Counterclaims.

### FOR A RESPONSE TO
### FOURTH CLAIM FOR RELIEF
### (LACHES)

29. Symbol repeats its responses to paragraphs 1 through 28 of the Counterclaims as if fully set forth herein.

30. Denies the allegations contained in paragraph 30 of the Counterclaims.

### FOR A RESPONSE TO
### FIFTH CLAIM FOR RELIEF
### (ESTOPPEL)

31. Symbol repeats its responses to paragraphs 1 through 30 of the Counterclaims as if fully set forth herein.

32. Denies the allegations contained in paragraph 32 of the Counterclaims.

## FOR A RESPONSE TO
## SIXTH CLAIM FOR RELIEF
## (LICENSE)

33. Symbol repeats its responses to paragraphs 1 through 32 of the Counterclaims as if fully set forth herein.

34. Denies the allegations contained in paragraph 34 of the Counterclaims.

## FOR A RESPONSE TO
## SEVENTH CLAIM FOR RELIEF
## (FAILURE TO MARK)

35. Symbol repeats its responses to paragraphs 1 through 34 of the Counterclaims as if fully set forth herein.

36. Denies the allegations contained in paragraph 36 of the Counterclaims.

## GENERAL DENIAL

37. Symbol denies each and every other allegation of the Counterclaims including those allegations contained in the Prayer for Relief, that herein has neither been admitted nor controverted.

## DEFENSES

38. Symbol asserts the following Defenses and reserves the right to further amend this Reply as additional information becomes available.

39. Because Symbol is not accusing, in this case, Janam's XP20 and XP30 handheld mobile computers of infringing the Patents-in-Suit, no controversy exists with respect to those devices.

40. Symbol did not unreasonably delay bringing this lawsuit.

41. Symbol did not communicate and Janam did not rely on any statement by Symbol that it would not assert the Patents-in-Suit against Janam for selling and marketing the XM60 handheld computer.

42. Symbol never gave Janam an express or implied license for the Patents-in-Suit.

43. For its Fourth Claim (Laches), Fifth Claim (Estoppel) and Sixth Claim (License), Janam has failed to state a claim upon which relief can be granted.

## ADDITIONAL DEFENSES

44. Symbol reserves the right to assert additional defenses to the extent the facts known at this time or developed in the future would make any additional defenses available.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief prayed for in Plaintiff's Complaint for Patent Infringement, Plaintiff requests that this Court:

A. Dismiss Janam's Counterclaims with prejudice and deny each and every Prayer for Relief sought by Janam;

B. Declare this an exceptional case and award Plaintiff its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

C. Award Plaintiff such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
| OF COUNSEL | POTTER ANDERSON & CORROON LLP |
| Eric J. Lobenfeld<br>Ira J. Schaefer<br>Arlene L. Chow<br>Mitchell S. Feller<br>Scott A. Clark<br>HOGAN & HARTSON L.L.P.<br>875 Third Avenue<br>New York, New York  10022<br>(212) 918-3000 | By: */s/ David E. Moore*<br>     Richard L. Horwitz (#2246)<br>     David E. Moore (#3983)<br>     Hercules Plaza, 6th Floor<br>     1313 N. Market Street<br>     P. O. Box 951<br>     Wilmington, Delaware  19801<br>     Tel:  (302) 984-6000<br>     rhorwitz@potteranderson.com<br>     dmoore@potteranderson.com |
| Dated:  August 4, 2008<br>877108 / 33146 | *Attorneys for Plaintiff and Counterclaim Defendant Symbol Technologies, Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 4, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 4, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Steven J. Balick | Richard L. DeLucia |
| John G. Day | John R. Kenny |
| Lauren E. Maguire | Christopher M. Scott |
| ASHBY & GEDDES | KENYON & KENYON LLP |
| 500 Delaware Avenue, 8th Floor | One Broadway |
| P.O. Box 1150 | New York, NY 10004-1007 |
| Wilmington, DE 19899 | jkenny@kenyon.com |
| sbalick@ashby-geddes.com | rdelucia@kenyon.com |
| jday@ashby-geddes.com | cscott@kenyon.com |
| lmaguire@ashby-geddes.com | |

By:  /s/ David E. Moore
  Richard L. Horwitz
  David E. Moore
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, Delaware 19899-0951
  (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com

870211 / 33146